UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA BONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-01308-SPM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner of Operations, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Remand with Suggestions in Support filed by Defendant Nancy A. Berryhill, Deputy Commissioner for Operations, Social Security Administration (the "Commissioner"). (Doc. 12). The Commissioner requests that the Court remand this action to Defendants pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff has not responded to the motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 8).

On August 9, 2018, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. (Doc. 1). Pursuant to the Case Management Order entered by the Court, Defendant was required to file any motion to dismiss, motion to remand, and/or answer no later than Monday, October 8, 2018. (Doc. 5). On October 2, 2018, the Commissioner filed the instant motion to remand the case to the Commissioner for further administrative action pursuant to sentence six of section 205(g) of the Social Security Act. Sentence six of section 205(g) provides, in relevant part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the

case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . .

42 U.S.C. § 405(g).

The Commissioner states in her motion that before she filed her answer, the Appeals Council of the Social Security Administration determined that the administrative law judge had relied on evidence that did not belong to Plaintiff while formulating Plaintiff's residual functional capacity. The Commissioner states that upon receipt of a remand order from this Court, the Appeals Council will remand the case to an administrative law judge with instructions to re-assess Plaintiff's residual functional capacity.

The Court agrees with the Commissioner that error that occurred here is the type of procedural defect that constitutes "good cause" for remand. *Cf.* H.R. Rep. No. 96-944, at 59 (1980) (giving as examples of "good cause" for remand a situation in which the tape recording of a claimant's hearing was inaudible and a situation in which the claimant's files could not be located or were incomplete). The Court will therefore remand the case pursuant to sentence six of 42 U.S.C. § 405(g). Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Remand with Suggestions in Support (Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of October, 2018.